# Exhibit 1



KATHY HOCHUL
Governor

October 24, 2025

**By Electronic Mail (*xsottile@kalshi.com*)**

Xavier Sottile
Head of Markets
KalshiEX LLC
594 Broadway, #407
New York, NY 10012

Re: Unlicensed sports wagering in New York State

Dear Xavier Sottile:

The New York State Gaming Commission ("Commission") has general jurisdiction over all gaming activities within New York State and over the corporations, associations and persons engaged therein, including, specifically, the regulation of sports wagering. Racing Law §§ 104(1) and (24). The Commission is empowered to levy and collect civil penalties and fines for any violation of the Racing Law. Racing Law § 104(9).

This letter constitutes a demand by the Commission that KalshiEX LLC ("Kalshi") cease and desist from illegally operating, advertising, promoting, administering, managing, or otherwise making available an unlicensed mobile sports wagering platform in New York State in connection with any sports event, whether through any of the contracts as described in the filings with the Secretary of the United States Commodity Futures Trading Commission ("CFTC") identified below (collectively, the "CFTC Filings"), or otherwise, including, without limitation, any other contract or product that provides an opportunity to risk something of value based upon an agreement or understanding that a person will receive something of value in the event of a certain outcome in connection with any sports event within the meaning of Racing Law section 1367(1)(t):

- "Will <team> win <event>?" contracts (February 7, 2005 CFTC filing);

- "Will <person> win the golf grand slam before <date>?" contracts (May 23, 2025 CFTC filing);

- "Will the next iteration of <golf tournament> have a first time winner?" contracts (May 23, 2025 CFTC filing);

- "Will <tennis player> win a major before <date>?" contracts (May 23, 2025 CFTC filing);

- "Will a Canadian hockey team win the Stanley Cup before <date>?" contracts (June 11, 2025);

Xavier Sottile
October 24, 2025
Page 2

- "Will <team> have the <best rank/worst rank> record in <league/division> in <season>?" contracts (June 13, 2025);
- "Will <person> win a Grand Slam in <year>?" contracts (July 22, 2025 CFTC filing);
- "How many games will <player> start in the <year> <season_type> <league> season?" contracts (July 25, 2025 CFTC filing);
- "Will <event 1> or <event 2> happen first?" contracts (August 12, 2025 CFTC filing;
- "Will <player/team> score <first/last/any/count> touchdown(s) in  of <game>?" contracts (August 18, 2025 CFTC filing);
- "Will <game> have <over/under> <count> points in <time period> of <game>?" contracts (August 18, 2025 CFTC filing);
- "Will <player> win another major championship before <date>?" contracts (August 26, 2025 CFTC filing);
- "Will <outcomes> occur in <events>?" contracts (August 30, 2025 CFTC filing);
- "Will <outcomes> occur in <events>?" contracts (September 2, 2025 CFTC filing);
- "Will <player> have <above/below/between/exactly/at least> <count> <statistic> in <time period> of <game>?" contracts (September 15, 2025 CFTC filing);
- "Will <team/person> play in <game>?" contracts (September 17, 2025 CFTC filing);
- "Will <participant> win <competition>?" contracts (September 24, 2025 CFTC filing);
- "Will <participant> be eliminated from <competition> before <date>?" contracts (September 24, 2025 CFTC filing);
- "Will <participant> reach <milestone> in <competition> before <date>?" contracts (September 26, 2025 CFTC filing);
- "Will <participant> be the last <with/without> <outcome> in <competition/season>?" contracts (September 26, 2025 CFTC filing).

The activity described on the Kalshi website and in its CFTC Filings is offering sports wagering gambling opportunities to Kalshi customers within the meaning of Penal Law § 225.00(2), in that the customer, in consummating a transaction through the Kalshi platform, is staking or risking "something of value upon the outcome of a contest of chance or a future contingent event not under his control or influence, upon an agreement or understanding that he will receive something of value in the event of a certain outcome" with respect to a sports event within the meaning of Racing Law section 1367(1)(t).

> In New York, "sports wagering"
>
> means wagering on sporting events or any portion thereof, or on the individual performance statistics of athletes participating in a sporting event, or combination of sporting events, by any system or method of wagering, including, but not limited to, in-person communication and electronic communication through internet websites accessed via a mobile device or computer, and mobile device applications; provided however that sports wagers shall include, but are not limited to, single-game bets, teaser bets, parlays, over-under bets, money line, pools, in-game wagering, in-play bets, proposition bets, and straight bets[.]

Racing Law § 1367(1)(x).

The purported event contracts described generally in Kalshi's CFTC Filings and as offered specifically through its public website (https://kalshi.com/sports/all-sports) are sports wagering within the meaning of New York law when they concern sports events within the meaning of Racing Law section 1367(1)(t).

Sports wagering may be conducted, advertised or promoted in New York only by entities licensed by the Commission. New York law provides:

> No entity shall directly or indirectly operate an unlicensed sports wagering platform in the state of New York, or advertise or promote such unlicensed platform to persons located in the state of New York.

Racing Law § 1367-a(4)(b).

In-person sports wagering may be conducted in New York only at licensed casinos by entities that also hold gaming facility licenses from the Commission. Racing Law § 1367(2)(a). Mobile sports wagering conducted through servers at licensed casinos may be operated only by entities the Commission licenses pursuant to Racing Law 1367-a:

> No entity shall administer, manage, or otherwise make available a mobile sports wagering platform to persons located in New York state unless licensed with the commission pursuant to this section.

Racing Law § 1367-a(2)(a).

> "Mobile sports wagering platform"
>
> means the combination of hardware, software, and data networks used to manage, administer, or control sports wagering and any associated wagers accessible by any electronic means including mobile applications and internet websites accessed via a mobile device or computer[.]

Xavier Sottile
October 24, 2025
Page 4

Racing Law § 1367(1)(k).

    Kalshi is not licensed by the Commission to offer a platform for sports wagering in New York, either at a casino or as a mobile sports wagering operator. Accordingly, the Commission demands that Kalshi cease and desist immediately from illegally operating, advertising, promoting, administering, managing, or otherwise making available sports wagering and/or a mobile sports wagering platform in New York, and confirm with the Commission through the undersigned that all such activity has ended.

    The Commission reserves all rights to investigate further and to levy and collect civil penalties and fines in connection with Kalshi's prior, current, and any future activity related to sports wagering and/or mobile sports wagering in New York.

                            Sincerely,

                            Robert Williams
                            Executive Director

cc: Thomas Fattorusso
     Edmund Burns, Esq.