UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALSHIEX LLC,<br><br>                                    Plaintiff,<br><br>                -against-<br><br>ROBERT WILLIAMS, in his official capacity as Executive Director of the New York State Gaming Commission; BRIAN O'DWYER, in his official capacity as Chair and Commissioner of the New York State Gaming Commission; JOHN A. CROTTY, in his official capacity as Commissioner of the New York State Gaming Commission; SYLVIA B. HAMER, in her official capacity as Commissioner of the New York State Gaming Commission; MARTIN J. MACK, in his official capacity as Commissioner of the New York State Gaming Commission; PETER J. MOSCHETTI, JR., in his official capacity as Vice Chair and Commissioner of the New York State Gaming Commission; MARISSA SHORENSTEIN, in her official capacity as Commissioner of the New York State Gaming Commission; JERRY SKURNIK, in his official capacity as Commissioner of the New York State Gaming Commission; and the NEW YORK STATE GAMING COMMISSION,<br><br>                                  Defendants. | 1:25-cv-08846-AT |

**DEFENDANTS' SUR-REPLY IN FURTHER OPPOSITION TO
PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

                                                                    LETITIA JAMES
                                                                    Attorney General
                                                                    State of New York
                                                                    *Attorney for Defendants*
                                                                    28 Liberty Street
                                                                    New York, New York 10005

KATHERINE RHODES JANOFSKY
ZACHARY MANLEY
Assistant Attorneys General

*Of Counsel*

## TABLE OF CONTENTS

                                                                   **Page(s)**

TABLE OF AUTHORITIES .................................................................................................i

SUR-REPLY ................................................................................................................. 1-2

## TABLE OF AUTHORITIES

                                                                   **Page(s)**

**CASES**

*Commodity Futures Trading Commn. v Trade Exch. Network Ltd*,
    117 F. Supp. 3d 29 (D.D.C. 2015) ................................................................................1

*KalshiEX LLC v Commodity Futures Trading Commn.*,
    CV 23-3257 (JMC), 2024 WL 4164694 (D.D.C. Sept. 12, 2024) .................................1

*KalshiEX, LLC v. Hendrick*,
    2:25-cv-00575, 2025 WL 3286282 (D. Nev. Nov. 25, 2025)..................................... 1-2

*Loper Bright Enterprises v. Raimondo,*
    603 U.S. 369 (2024) ......................................................................................................2

*Powerex Corp. v. Reliant Energy Servs.,*
    551 U.S. 224 (2007) .....................................................................................................1

**FEDERAL STATUTES**

7 U.S.C.

    §1a(19)(iv) .....................................................................................................................1
    §1a(47)(A)(ii)................................................................................................................1
    §2(a) ......................................................................................................................... 1-2

Defendants submit this sur-reply in accordance with the Court's Order (ECF 84).

First, Kalshi argues, without elaboration or analysis, that if its contracts are not "swaps," they instead qualify as "option[s]" or "contracts…for future delivery" of a "commodity" under Section 2(a) involving "excluded commodities." Reply at 3-4. This contradicts Kalshi's self-certifications and repeated representations that its contracts are "swaps." *See, e.g,* ECF 35-1; ECF 81-1; 81-2. Moreover, Kalshi failed to apprise this Court that this argument was expressly rejected in *KalshiEX, LLC v. Hendrick*, 2:25-cv-00575, 2025 WL 3286282 at *10-12 (D. Nev. Nov. 25, 2025) ("*Hendrick II*"), a decision whose reasoning should be adopted here.

"Excluded commodities" are defined under Section 1a(19)(iv) using many of the same terms as "swap" under Section 1a(47)(A)(ii). Kalshi's contracts therefore do not involve "excluded commodities" because they are not based upon "an occurrence, extent of an occurrence, or contingency." Opp. at 10; *see Hendrick II* at *3, 6, 10-11 & n.9 (absence of "event" from definition of excluded commodity irrelevant). Nor are they associated with "a financial, commercial, or economic consequence," for the same reasons they are not associated (inherently joined or connected) with "potential" financial consequences for the purpose of "swaps." *Id.* at *10-11; *see also Powerex Corp. v. Reliant Energy Servs.,* 551 U.S. 224, 232 (2007) ("identical words and phrases within the same statute should normally be given the same meaning"); Opp. at 9-15 (discussing swaps). Moreover, it is not "logical to state that Kalshi is offering contracts of sale of a sports event (or its outcome) for future delivery," *Hendrick II* at *11, and Kalshi's caselaw offers no support.[1] Kalshi does not attempt to explain how its products are options. *See id.* at 10 n.8. Finally, even if Kalshi's contracts constituted futures or options concerning "excluded

---

[1] In *KalshiEX v. CFTC,* 23-3257, 2024 WL 4164694 (D.D.C. Sept. 12, 2024), Section 1a definitions were not in dispute and Kalshi's Joint Appendix exhibits represented its election events contracts were "swaps." *See, generally,* Joint Appendix, 23-3257, ECF 38-1. Kalshi does not purport to cite *CFTC v. Trade Exchange Network*, 117 F. Supp. 3d 29 (D.D.C. 2015), for any purpose that advances its excluded commodities argument.

commodities," Section 2(a) does not create exclusive CFTC jurisdiction over excluded commodities. *Id*. at *11-12.

Second, Kalshi argues Defendants must first pursue remedies through the Administrative Procedure Act ("APA") before they can enforce state law against Kalshi and defend against Kalshi's preemption argument. Reply at 4-5. This argument fails for the reasons set forth in *Hendrick II* at *4-5, including that the CFTC has not *made* any APA challengeable determinations.[2] *See also id.* (distinguishing caselaw). This argument is also a red herring. Defendants are not seeking to challenge CFTC action or inaction. Defendants are enforcing New York law against *Kalshi*, and Kalshi alone has the considerable burden of affirmatively proving that Defendants cannot prohibit its illegal gambling within state borders. Courts may interpret the CEA in order "[t]o decide if something falls within the CFTC's jurisdiction to potentially preempt state law," and it is within this Court's authority to do so. *Hendrick II* at *5; *see* Opp. at 10, 12. This is clear post-*Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024): only the Court determines statutory meaning.

Finally, for its APA argument, Kalshi appends a submission to the CFTC in an attempt to show the agency implicitly approved or determined jurisdiction over Kalshi's sports contracts. Reply at 4 citing ECF 79-1, 79-2. These lengthy exhibits do not evidence this and significantly predate the CFTC Advisory (ECF 53-7). They also constitute an improper attempt to expand Kalshi's own briefing.

---

[2] "[T]he CFTC has not made a final decision regarding Kalshi's listing of sports-related event contracts, nor was it required to do so." *Hendrick II* at *4.

Dated: New York, New York
   December 22, 2025

               Respectfully submitted,

               LETITIA JAMES
               Attorney General
               State of New York
                *Attorney for Defendants*

               <u>By: /s/*Katherine Rhodes Janofsky*</u>

               KATHERINE RHODES JANOFSKY
               ZACHARY MANLEY
               Assistant Attorney General
               28 Liberty Street, New York, NY 10005
               (212) 416-8621
               Katherine.Janofsky@ag.ny.gov

**WORD COUNT CERTIFICATION**

In accordance with Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and the Court's Individual Practices, I hereby certify that the Defendants' Sur-Reply In Further Opposition To Plaintiff's Motion For A Preliminary Injunction contains 625 words (including footnotes), exclusive of cover page, tables of contents and authorities, and signature block, as established using the word count function of Microsoft Word.

By: /s/*Katherine Rhodes Janofsky*

KATHERINE RHODES JANOFSKY
Assistant Attorney General