

**GRANT R. MAINLAND**
*Partner*
55 Hudson Yards  |  New York, NY 10001-2613
T: +1 (212) 530-5251
GMainland@milbank.com  |  milbank.com

February 23, 2026

**VIA ECF**

The Honorable Analisa Torres
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

  Re: *KalshiEX LLC v. Williams*, Case No. 1:25-cv-08846-AT

Dear Judge Torres:

  I write on behalf of the Plaintiff, KalshiEX LLC, to inform the Court of two recent filings concerning the event contracts at issue here.

  **First**, on February 19, 2026, the Middle District of Tennessee issued an opinion in *KalshiEX LLC v. Orgel*, No. 3:26-cv-00034 (M.D. Tenn. Feb. 19, 2026), ECF No. 48 (the "Opinion"), granting Kalshi a preliminary injunction barring Defendants, who, as here, were state officials seeking to enforce state gambling laws against Kalshi, from bringing an enforcement action. The court found that Kalshi's sports event contracts are swaps subject to the exclusive jurisdiction of the Commodity Futures Trading Commission (the "CFTC") (at 13-17) and that the applicable state laws were conflict preempted (at 18-20). The court further determined that Kalshi had established a likelihood of irreparable injury and the balance of interests weighed in favor of granting the preliminary injunction. Op. 21-23.

  **Second**, on February 17, 2026, the CFTC filed an amicus brief in *N. Am. Derivatives Exch., Inc. v. Nevada*, No. 25-7187 (9th Cir.), ECF No. 38.2 (the "Amicus"), concerning event contracts similar to those at issue here. The amicus brief made three points with direct relevance to this matter. *First*, the CFTC made clear that the "exclusive jurisdiction" provision in the Commodity Exchange Act "preempts application of state gambling laws to event contracts trading on" Designated Contract Markets ("DCMs"). Amicus 21-27. *Second*, sports-event contracts are swaps that fall "comfortably" within the CFTC's exclusive jurisdiction. Amicus 14-19. *Third*, the CFTC rejected the notion that finding preemption would supersede all state gambling laws, emphasized the "impossibility" of a DCM complying with both state law banning certain event contracts and the CFTC's "impartial access" requirement, and that applying state law to event contracts would frustrate congressional intent. Amicus 25-27.

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

- 2 -

      A copy of the Middle District of Tennessee's opinion in *KalshiEX LLC v. Orgel*, No. 3:26-cv-00034 (M.D. Tenn. Feb. 19, 2026) is attached as **Exhibit 1.** A copy of the CFTC's amicus brief filed in *N. Am. Derivatives Exch., Inc. v. Nevada*, No. 25-7187 (9th Cir.) is attached as **Exhibit 2**.

      Plaintiff thanks the Court for its attention to this matter.

                                                        Respectfully,

                                                        /s/ Grant R. Mainland

                                                        Grant R. Mainland