

**Office of the New York State**  
**Attorney General**

**Letitia James**  
**Attorney General**

February 23, 2026

**By ECF**

The Hon. Analisa Torres  
United States District Court for the Southern District of New York  
Daniel Patrick Moynihan U.S. Courthouse  
500 Pearl Street  
New York, NY 10007

      Re:    *KalshiEx LLC v. Williams et al.,* No. 25-cv-08846

Dear Judge Torres:

      Defendants write in response to Plaintiff's two notices of supplemental authority, ECF 90 and 91. Plaintiff's first notice appends two factual documents—not legal authorities—(1) Public Statements & Remarks of non-party CFTC Chairman Michael S. Selig dated January 29, 2026 that are "[his] own as Chairman and do not necessarily reflect those of the Commission," ECF 90-1, and (2) a February 4, 2026 CFTC press release, ECF 90-2. Plaintiff's second notice appends (1) a recent district court opinion in *KalshiEX LLC v. Orgel*, No. 3:26-cv-00034 (M.D. Tenn. Feb. 19, 2026), ECF 91-1, and (2) a proposed amicus curiae brief filed by the CFTC in *N. Am. Derivatives Exch., Inc. v. Nevada*, No. 25-7187 (9th Cir. Feb. 17, 2026), ECF 91-2.

      Plaintiff purports to submit this supplemental "authority" as relevant to its Proposed Order To Show Cause With Emergency Relief, ECF 15 ("OTSC"), which has been fully briefed for two months. By the parties' so-ordered stipulation dated October 28, 2025, Defendants agreed to "refrain from undertaking enforcement action against Plaintiff regarding any conduct described in the Cease and Desist Letter dated October 24, 2025 and filed as ECF No. 17-1 pending the Court's disposition of Plaintiff's OTSC." ECF 34. Plaintiff's notices are improper as set forth below.

      First, Defendants object to Plaintiff's filing of the CFTC's proposed amicus brief and ask that the Cout disregard this document in its entirety. Legal arguments by a non-party set forth in a proposed amicus curiae brief filed in another circuit are not legal authority or factual material relevant to this case. Plaintiff's filing of this non-party brief is entirely improper and amounts to a blatant attempt to expand its own briefing without leave.[1]

      Second, while Defendants do not object to Plaintiff's notifying the Court about a recent opinion in the *Orgel* case, the second and third paragraphs of Plaintiff's second notice of supplemental authority improperly characterizes that decision and should be disregarded by the Court.

---

[1] Defendants note this is the *second* time Plaintiff's submission of exhibits constitutes an improper attempt to expand its own briefing. *See* Sur-Reply, ECF 86 at 2 (regarding ECF 79-1, 79-2); Letter Motion for Leave to File a Sur-Reply, ECF 81 at 2 (same).

Hon. Analisa Torres  Page 2 of 2
February 23, 2026

      Finally, Defendants object to Plaintiff's suggestion that the CFTC Chairman's public statements and remarks, ECF 90-1, or the CFTC's press release, ECF 90-2, are "authorities." ECF 90. Defendants do not contest that the Court may take post-submission judicial notice of the fact that non-party CFTC has "withdrawn" a 2025 agency advisory notice (filed as an exhibit at ECF 52-7) and a 2024 agency notice of proposed rulemaking. However, the materials filed by Plaintiff are not authorities to which the Court must offer any deference or special consideration.

      Defendants thank the Court for its attention to this matter.

Sincerely,

/s/ *Katherine Rhodes Janofsky*
KATHERINE RHODES JANOFSKY
Assistant Attorney General
28 Liberty Street
New York, NY 10005
Tel: 212-416-8621
Katherine.Janofsky@ag.ny.gov

cc (by ECF): All counsel of record