

**GRANT R. MAINLAND**
*Partner*
55 Hudson Yards  |  New York, NY 10001-2163
T: +1 (212) 530-5251
GMainland@milbank.com  |  milbank.com

April 7, 2026

**VIA ECF**

The Honorable Analisa Torres
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

　　　Re: *KalshiEX LLC v. Williams*, Case No. 1:25-cv-08846-AT

Dear Judge Torres:

　　　I write on behalf of the Plaintiff, KalshiEX LLC ("Kalshi").

　　　Plaintiff writes to advise the Court of a recent Third Circuit decision affirming the grant of a preliminary injunction to Kalshi and three recently filed complaints brought by the Commodity Futures Trading Commission ("CFTC") concerning the event contracts at issue, one of which was filed in a district court within the Second Circuit.

　　　In *KalshiEX LLC v. Flaherty*, 25-1922, Dkt. 105 (3d Cir. Apr. 6, 2026) ("Op."), submitted with this Notice, the Third Circuit became the first court of appeals to decide whether Kalshi is entitled to a preliminary injunction on the ground that the Commodity Exchange Act ("CEA") preempts state gambling laws as applied to Kalshi. The Third Circuit held that the CEA "preempts state laws that directly interfere with swaps traded on DCMs" and "Kalshi's sports-related event contracts are swaps traded on a CFTC-licensed DCM, so the CFTC has exclusive jurisdiction." Op. 4. The court concluded that "Kalshi's sports-event contracts fit comfortably" within the "swap" definition because "[t]he outcome of a sports event ***certainly*** can be associated with a potential financial, economic, or commercial consequence," such as consequences for "sponsors, advertisers," and other stakeholders. Op. 8 (emphasis added). The court then held "that both field and conflict preemption apply" to prohibit the state from regulating sports-related event contracts on CFTC-licensed DCMs. Op. 4, 9. In response to the state's contention that a presumption against preemption applies in the context of state gambling laws, the court explained that "the text preempts state gambling laws that seek to regulate futures trading," and that no presumption can overcome the clear statutory text, especially given that "the federal government has regulated the derivatives market for over a century." Op. 13-14.

　　　Regarding the balance of harms and the equities, the court determined Kalshi established that it would incur irreparable harm absent injunctive relief based on the state's threat to impose

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

civil and criminal penalties and the resulting economic and reputational harm to Kalshi.  Op. 16-17.  And the court noted that "the public interest is best served by enforcing the Act," and "the public interest factors tip toward Kalshi."  Op. 17.

The CFTC's recent filings leave no doubt that the CFTC shares this understanding.  On April 2, 2026, the United States and CFTC filed three separate complaints against Connecticut, Arizona, and Illinois, seeking (i) declarations that each state's gambling statutes are preempted by the CEA as applied to trading on DCMs and (ii) injunctions barring each state from enforcing their gambling statutes against DCMs.  *See United States v. Connecticut*, 3:26-cv-00498, Dkt. 1 (D. Conn. Apr. 2, 2026) ("Conn. Compl."); *United States v. Arizona*, 2:26-cv-02246, Dkt. 1 (D. Ariz. Apr. 2, 2026); *United States v. Illinois*, 1:26-cv-03659, Dkt. 1 (N.D. Ill. Apr. 2, 2026).  The complaints were filed in direct response to each state's threatened or actual enforcement actions against DCMs, including Kalshi.  They also confirm the CFTC's view that event contracts on DCMs are swaps, *e.g.*, Conn. Compl. ¶ 34, which the CFTC can subject to public-interest review if they involve gaming, *id.* ¶¶ 52-53 (citing 7 U.S.C. § 7a-2(c)(5)(C)(i)-(ii)).

A copy of the Third Circuit's opinion is attached as Exhibit 1, and copies of the CFTC's complaints against Connecticut, Arizona, and Illinois are attached as Exhibits 2-4, respectively.

Plaintiff thanks the Court for its attention to this matter.

Respectfully,

/s/ Grant R. Mainland

Grant R. Mainland