

**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

---

May 14, 2026

**By ECF**
The Hon. Analisa Torres
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:    ***KalshiEx LLC v. Williams et al.,* No. 25-cv-08846**

Dear Judge Torres:

Defendants write in response to Plaintiff KalshiEx LLC's ("Kalshi") May 13, 2026 letter "alerting" the Court of three related cases assigned weeks ago to Judge Victor Marrero: (i) *United States of America et al. v. State of New York et al.*, No. 26-cv-3404-VM ("*US v. NY*"); (ii) *People Of The State Of New York, By Letitia James v. Coinbase Financial Markets, Inc.*, 26-cv-03300-VM (SDNY) ("*Coinbase*"); and (iii) *People of the State of New York, By Letitia James v. Gemini Titan, LLC*, No. 26-cv-3318-VM ("*Gemini*") (together, the "Three 2026 Actions"). For the reasons set forth below, the Court should decline to designate these cases as related to the instant matter as it would create considerable judicial inefficiencies.

Rule 13(2)(A) of the Rules For The Division Of Business Among District Judges Southern District Of New York are clear: "Civil cases shall not be deemed related merely because they involve common legal issues or the same parties." Perhaps even less so when the request for relatedness bears the hallmarks of gamesmanship. The Three 2026 Actions were assigned to Judge Marrero weeks ago*,* and, as set forth below, the parties therein *have already spoken* to relatedness. The non-party plaintiffs in *US v. NY,* fully aware of their obligations under SDNY Local Rule 1.6, filed Statements of Relatedness only to the *Coinbase* and *Gemini* action, *but not to this case*, although they were fully aware of the instant proceeding and reference it in their complaint. It is only now, immediately following rulings by Judge Marrero, including (after multiple rounds of letter briefs), an order adjourning consideration of an anticipated motion to consolidate until after pending motions to remand *Coinbase* and *Gemini* to state court are decided, that Kalshi has chosen to weigh in on these unrelated matters. Kalshi makes its purpose plain in its letter to Your Honor: noting that *Coinbase* and *Gemini* defendants want to consolidate their cases with *US v. NY*, Kalshi states: "If the Court grants this request, Kalshi will promptly confer with counsel in those actions concerning potential consolidation." ECF No. 99 at 3. Such an effort will end-run the existing adjournment of anticipated motions to consolidate the cases pending before Judge Marrero until he addresses remand, and is contrary to the interests of justice. Kalshi's request should therefore be disregarded by the Court.

<u>Procedural Background</u>

Plaintiff commenced this action on October 27, 2025, against the New York State Gaming Commission, its Executive Director, and its seven Commissioners, each individually sued in their official capacities ("Gaming Commission Defendants") seeking to enjoin enforcement of state gaming laws over its illegal online sports gambling operation under a meritless claim of federal preemption. An order to show cause and motion for preliminary injunctive relief have been sub judice before this Court since December 22, 2025.

On April 21, 2026, non-party the New York State Office of the Attorney General ("OAG") commenced state court enforcement actions on behalf of the People of the State of New York against non-parties Coinbase Financial Markets, Inc. and Gemini Titan, LLC in connection with their illegal online gambling operations in violation of state law. *Coinbase*, ECF Nos. 1, 1-2; *Gemini*, ECF No. 1. The defendants in those matters immediately filed notices of removal to this District. *Id.* On April 23, Coinbase filed a Statement of Relatedness of its case as related to *Kalshi*, which OAG contested by letter addressed to Your Honor dated April 29. *Coinbase*, ECF Nos. 10, 13. The issue of those cases' relatedness has therefore already been fully briefed before this Court since that date.

As a result of these two state enforcement actions, on April 24, 2026, nonparties the United States and the Commodity Futures Trading Commission commenced the *US v. NY* civil litigation in the Southern District of New York against a number of defendants, including the Gaming Commission Defendants, claiming certain state civil and criminal laws are preempted. Those plaintiffs, fully aware of this litigation commenced by Kalshi, filed Statements of Relatedness of their matter and the *Coinbase* and *Gemini* matters, but **did not file** a Statement of Relatedness as to this proceeding. *US v. NY*, ECF Nos. 3-4; *see also US v. NY,* ECF No. 1 at ¶2. On April 27, 2026, Gemini filed a Statement of Relatedness as to *Coinbase* only. *Gemini*, ECF No. 10. The Three 2026 Actions were accepted as related by Judge Marrero on April 28, 2026.

In *Coinbase* and *Gemini*, motions to remand both of those cases were filed on May 1, 2026, and are currently pending before Judge Marrero. *Coinbase*, ECF No. 14; *Gemini*, ECF No. 13. A pre-motion letter to consolidate the Three 2026 Actions by Coinbase was later filed and, after multiple rounds of letter briefing, Judge Marrero adjourned the pre-motion conference until the Court's determination of the motions to remand. *Coinbase*, ECF No. 26.[1] Kalshi's letter does not mention this adjournment.

Despite the Three 2026 Actions having been marked as related almost three-weeks ago, and the parties in *Coinbase* having spoken to relatedness, Kalshi now improperly claims those cases are all related to this one, apparently with the intention of circumventing Judge Marrero's order and

---

[1] The Order states: "ORDER terminating 20 Letter Motion for Conference. The Court is in receipt of Defendant Coinbase Financial Markets, Inc.'s ("Coinbase") pre-motion conference request regarding its anticipated motion to consolidate this action with two other pending actions before this Court: *People of the State of New York v. Gemini Titan, LLC*, 26-cv-03318 (the Gemini Action); and *United States and Commodity Futures Trading Commission v. State of New York, et al.*, 26-cv-03404. (See Dkt. No. 20.) After careful consideration of this request, in addition to the People of the State of New York's ("OAG") letter in opposition, Coinbase's letter of supplemental authority, and OAG's objection (see Dkt. Nos. 21, 22, 24), the Court adjourns Coinbase's request for a premotion conference on its anticipated motion to consolidate until the Court rules on OAG's motions to remand this action and the Gemini Action back to state court. (See Dkt. No 14; Gemini Action, Dkt. No. 13.) SO ORDERED. (Signed by Judge Victor Marrero on 5/8/2026) (jca) (Entered: 05/08/2026)."

expediting consideration of consolidation despite Judge Marrero having already ruled that the matter should be considered after decisions on the remand motions.

<u>The Court Should Decline to Designate the Three 2026 Actions as Related to This Case</u>

No party has a substantive right in Rule 13 or otherwise to have a case marked as related. *See* Preamble, Division Business Rules ("These Rules are adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorney…"). Accepting a case as related is within the discretion of the Court. *Id.*

None of the criteria for relatedness set forth in Rule 13(a)(1) between this matter and all of the Three 2026 Actions have been met such that the Court should exercise its discretion here. First, *Kalshi, Gemini,* and *Coinbase* do not "concern the same or substantially similar parties, property, transactions, or events." Rule 13(a)(1)(a). Indeed, there are no parties in common whatsoever between *Kalshi*, and the *Gemini* and *Coinbase* cases. *Coinbase* and *Gemini* are state court civil enforcement actions commenced by non-party OAG and recently (improperly) removed to federal court by non-parties Coinbase and Gemini. The instant matter is not an enforcement action, but rather a preemptive litigation brought by Kalshi seeking declaratory relief on a single claim of federal preemption. Whether any specific transaction—by Kalshi or any other entity—violates any specific state law resulting in a finding of civil liability against it is not before this Court.[2] Second, for these reasons, there is also no "substantial factual overlap" between *Kalshi,* and *Gemini* and *Coinbase*. Third, there is no risk that "the parties could be subjected to conflicting orders" across *Kalshi, Gemini,* and *Coinbase* because there is no readily contemplatable order on the merits in *Coinbase* or *Gemini* that would bind any party in *Kalshi*, and *vice versa*. Moreover, and perhaps even most significantly, the non-party plaintiffs in the *US v. NY* matter commenced an action against numerous defendants (including the Gaming Commission Defendants), but chose to mark their case as related only to *Coinbase* and *Gemini*, **but not to _Kalshi_**. This choice by those non-party plaintiffs is instructive, and Defendants see no good faith reason or judicial efficiency to deviate now. Finally, "absent a determination of relatedness" there would be no "substantial duplication of effort and expense, delay, or undue burden on the court, parties, or witnesses." Indeed, the opposite is true, given the significantly different procedural postures and natures of the case. And Kalshi itself faces no discernable inefficiency or duplicative efforts whatsoever—it is only a party in one action.

Kalshi's three-week delay in asserting relatedness has even further weakened any inference that there would be efficiencies to marking these cases related and reassigning them at this juncture from one judge to another. Judge Marrero has already made a number of rulings concerning the briefing schedule and the proper order for considering motions that have been made or may be forthcoming in *Coinbase* and *Gemini*. Kalshi evidently wants these decisions to be relitigated, a clearly inefficient result.

Finally, the Division Business Rules are clear: "Civil cases shall not be deemed related merely because they involve common legal issues or the same parties." Rule 13(2)(A). It is not enough, as Kalshi claims, that *Coinbase* and *Gemini* includes an affirmative defense of federal preemption.

---

[2] The mere fact that *US v. NY* also names the Gaming Commission Defendants, among several other non-parties, is not alone determinative of relatedness. Rule 13(2)(A).

For these reasons, Defendants respectfully request the Court decline to designate the Three 2026 Actions as related to *Kalshi*.

Defendants thank the Court for its attention to this matter.

Sincerely,

/s/ *Katherine Rhodes Janofsky*
KATHERINE RHODES JANOFSKY
Assistant Attorney General
28 Liberty Street, New York, NY 10005
212-416-8621
Katherine.Janofsky@ag.ny.gov

cc (by ECF): All counsel of record