UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
KALSHIEX LLC,

                                    Plaintiff,

                    -against-

ROBERT WILLIAMS, in his official capacity as
Executive Director of the New York State Gaming
Commission; BRIAN O'DWYER, in his official
capacity as Chair and Commissioner of the New
York State Gaming Commission; JOHN A.
CROTTY, in his official capacity as Commissioner
of the New York State Gaming Commission;
SYLVIA B. HAMER, in her official capacity as
Commissioner of the New York State Gaming
Commission; MARTIN J. MACK, in his official
capacity as Commissioner   of the New York State
Gaming Commission; PETER J. MOSCHETTI,
JR., in his official capacity as Vice Chair and
Commissioner of the New York State Gaming
Commission; MARISSA SHORENSTEIN, in her
official capacity as Commissioner of the New
York State Gaming Commission; JERRY
SKURNIK, in his official capacity as
Commissioner of the New York State Gaming
Commission,

                                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/27/2026_

25 Civ. 8846 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On July 15, 2026, Plaintiff, KalshiEx LLC ("Kalshi"), filed a letter motion seeking leave to file a motion for an emergency injunction pending appeal from the Court's July 7[1] order (the "PI Order") denying its motion for a preliminary injunction, or, in the alternative, "short-term administrative relief." *See* Mot., ECF No. 110; PI Order, ECF No. 106; Opp., ECF No. 112. The motion is denied.

Under *Agudath Israel of America v. Cuomo*, when a moving party seeks to obtain an injunction pending appeal, that party must show that they have a "strong" likelihood of success on the merits—a heightened standard than what is required for a typical preliminary injunction. *See Agudath Israel of Am. v. Cuomo*, 980 F.3d 222, 225–26 (2d Cir. 2020) (quoting *New York v. U.S. Dep't of Homeland Sec.*, 974 F.3d 210, 214 (2d Cir. 2020)) (characterizing this requirement as "more" than the requirement for issuance of a preliminary injunction); *see e.g., Principle*

---

[1] The Court issued a revised Opinion and Order on July 9, 2026, to correct a scrivener's error which has no bearing on the motion at hand. *See* ECF No. 108.

*Homecare, LLC v. McDonald*, No. 25-466, 2025 WL 946292, at *1 (2d Cir. Mar. 25, 2025) (recognizing *Agudath Israel* as providing the standard for issuance of an injunction pending appeal); *Colony Grill Dev., LLC v. Colony Grill, Inc.*, No. 20 Civ. 213, 2021 WL 4521966, at *1 (D. Conn. Oct. 4, 2021) (same).[2]  Of course, the movant must also demonstrate the remaining factors relevant to issuance of a standard preliminary injunction: (1) a likelihood of irreparable harm in the absence of preliminary relief; (2) that the balance of equities tips in their favor; and (3) that an injunction is in the public interest.  *See Agudath Israel*, 980 F.3d at 225–26; *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).

Kalshi asks the Court to reverse itself.  In deciding whether to take this drastic step, "the fact that a court previously found that a preliminary injunction was not warranted should carry significant weight, so the circumstances must be of unusual magnitude to justify a district court granting an injunction pending appeal after denying a preliminary injunction." *NetChoice v. Bonta*, 761 F. Supp. 3d 1232, 1236 (N.D. Cal. 2025).

The Court held in the PI Order that Kalshi has not met its burden with respect to any of the four factors to be considered when adjudicating a motion for preliminary injunction.  *See generally* PI Order.  Kalshi's motion does not change this, and it does not point to any unusual or compelling circumstances which justify Kalshi's requested relief.  First, Kalshi argues that without an emergency injunction, it will face "a 'Hobson's Choice' of violating New York law and exposing itself to potentially huge liability or violating the CFTC's [Commodity Futures Trading Commission] order and risking its federal registration." Mot. at 3–4.  The Court previously considered this argument, holding that "Kalshi has not presented any evidence that the possibility of the CFTC revocation of its designation as a [designated contract market] is more than mere speculation."  PI Order at 20.  Kalshi points to a recent order issued by the CFTC which states that Kalshi violated federal law by complying with a Michigan state court order, Mot. at 4, but Kalshi does not argue that its status as a designated contract market is at risk as a result of that action.  Moreover, as the Court already determined, Kalshi's potential harms are "largely monetary" and stem from "the ordinary burdens and costs complying with government regulation [that] are typically insufficient to constitute irreparable harm."  *See* PI Order at 19–20.

Second, Plaintiff cannot make a "strong showing" that it is likely to succeed on the merits.  Kalshi largely repackages its briefing on the preliminary injunction motion to explain why it believes its appeal to the Second Circuit will be successful.  Mot. at 2–3 (claiming, for instance, that the Second Circuit "may disagree with the Court's interpretation" of the relevant federal statutes).  But "[t]he sheer possibility of a reversal—a possibility that exists in every appeal—is insufficient for the Court to find an injunction [] or administrative stay is necessary. . . ." *Delux Pub. Charter, LLC v. Cnty. of Westchester*, No. 22 Civ. 1930, 2024 WL 3744167, at *3 (S.D.N.Y. July 25, 2024).[3]  Plaintiff reports that after briefing on the original preliminary injunction motion the CFTC issued a proposed rulemaking which states, "that the CEA [the

---

2 Kalshi's motion in fact seeks something even more "drastic" than a routine injunction pending appeal—it seeks the very injunctive relief that the Court already denied. *See Agudath Israel*, 980 F.3d at 226.

3 The only circuit court to have ruled on a motion for an emergency preliminary injunction pending appeal filed by Kalshi denied Kalshi's request.  *See Kalshiex LLC v. Schuler*, No. 26-3196, 2026 WL 1295806 (6th Cir. Apr. 24, 2026).

Commodity Exchange Act] 'expressly preempts state laws' with respect to event contracts on [designated contract markets]." Mot. at 2. The Court "must exercise independent judgment in determining the meaning of statutory provisions," *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 394 (2024), however, and has done so in concluding the CEA does not preempt "all state gambling laws from regulations transactions involving swaps." PI Order at 14. Kalshi offers no new authority that would cause the Court to now conclude that Kalshi has made a "strong showing" of success on the merits.

Moreover, the Court's analysis has not changed with respect to its conclusions that the balance of equities weighs in Defendants' favor and that an injunction is not in the public's interest. The Court rejects Kalshi's claim that "there is no evidence that a brief injunction pending an expedited Second Circuit appeal would harm New York's gaming industry or the public." Mot. at 4. Defendants have laid out significant harms associated with halting their efforts to enforce state gaming regulations. Opp. at 4; *see also* ECF No. 66 at 27–29 (brief of *Amici Curiae* organizations and Indian Tribes)*;* PI Order at 20–21.

Plaintiff's request for an emergency injunction pending appeal is DENIED. Plaintiff's request for short-term administrative relief is also DENIED.[4] The Clerk of Court is respectfully directed to terminate the motion at ECF 110.

SO ORDERED.

Dated: July 27, 2026
      New York, New York

_____
ANALISA TORRES
United States District Judge

---

[4] As Defendants noted, Plaintiff "has not cited any case standing for the proposition that courts in this circuit issue interim administrative *injunctions* rather than administrative stays." Opp. at 4. Regardless, for the forementioned reasons Plaintiff is not entitled to any sort of injunction.