

# Milbank

**ANDREW PORTER**
*Partner*
55 Hudson Yards  |  New York, NY 10001-2163
T: +1 (212) 530-5361
APorter@milbank.com  |  milbank.com

August 13, 2026

**VIA ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  **Re:** ***KalshiEX LLC v. Williams*, No. 25-cv-08846**

Dear Judge Torres:

  Pursuant to Rule III.A of Your Honor's Individual Practices in Civil Cases, Plaintiff KalshiEX LLC ("Kalshi") respectfully submits this pre-motion letter regarding its anticipated motion to stay this action pending the resolution of Kalshi's appeal to the United States Court of Appeals for the Second Circuit from the Court's Opinion and Order denying Kalshi's motion for a preliminary injunction (Dkt. No. 106, as amended by Dkt. No. 109).

  **Background.** On July 29, 2026, Defendants transmitted a first pre-motion letter under Rule III.B.ii setting forth the basis for a proposed motion to dismiss. In response to that letter, Kalshi indicated its intent to move to stay this action pending appeal in email correspondence and again in its August 5, 2026 letter response. On August 10, 2026, Defendants advised that they do not consent to a stay of the action as to their proposed motion to dismiss, but do not object to a stay of discovery pending resolution of that motion. Kalshi accordingly submits this letter.

  **A stay is warranted.** The Court has broad discretion to stay proceedings through its inherent power to control its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The factors that guide that discretion—the private interests of the plaintiff and of the defendants, the interests of the courts and nonparties, and the public interest—all favor a stay here. *See Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020).

  *First*, "[s]taying this action 'will best serve the interests of the courts by promoting judicial efficiency and minimizing the possibility of conflicts between different courts.'" *Credit Suisse Sec. (USA) LLC v. Laver*, No. 18-cv-2920 (AT), 2019 WL 2325609, at *3 (S.D.N.Y. May 29, 2019) (quoting *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009)). The Second Circuit appeal will resolve the very legal issues on which

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

Defendants intend to rely as the basis for their proposed Rule 12(b)(6) motion. Whether New York's gaming laws are preempted as applied to trading on Kalshi's federally regulated designated contract market is now squarely before the Second Circuit, and Kalshi will file its opening brief this month. There is no efficiency in Defendants' proposal. Requiring the parties to brief and the Court to consider the same preemption issues on Defendants' anticipated motion to dismiss while the Court of Appeals has them under consideration risks duplicative effort and inconsistent rulings. It would also waste party and judicial resources. *See Laver*, 2019 WL 2325609, at *4 ("[T]he public is also not served by any wasting of judicial resources.") (quoting *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2018 WL 3849840, at *3 (S.D.N.Y. Aug 10, 2018)).

*Second*, a stay would materially simplify the issues. Guidance from the Second Circuit will either narrow or eliminate the disputes presented by Defendants' proposed motion and will frame any further proceedings in this Court. By contrast, proceeding now would generate a district court decision that may be overtaken by the appellate ruling before it can be implemented.

*Third*, no party or nonparty will be prejudiced. Kalshi seeks only to defer briefing, not to alter the status quo. Defendants are not seeking affirmative relief from Kalshi that would be delayed by virtue of a stay, and Defendants have already indicated that they do not object to a stay of discovery while a motion to dismiss is pending. The interests of nonparties are similarly inconsequential here. *See Laver*, 2019 WL 2325609, at *4.

*Fourth*, courts across the country have stayed parallel actions against Kalshi and other federally regulated entities in precisely these circumstances, pending appellate resolution of the same preemption questions. *See, e.g.*, Order Granting Joint Mot. to Stay Proceedings, *KalshiEX, LLC v. Flaherty*, No. 25-cv-02152 (D.N.J. May 21, 2025), Dkt. No. 31; Order, *KalshiEX, LLC v. Flaherty*, No. 25-cv-02152 (D.N.J. May 19, 2026), Dkt. No. 41 (continuing stay pending Defendants' efforts to seek Supreme Court review); Order, *KalshiEX LLC v. Martin*, No. 25-cv-01283 (D. Md. Aug. 21, 2025), Dkt. No. 87; Order, *KalshiEX LLC v. Orgel*, No. 26-cv-00034 (M.D. Tenn. Mar. 23, 2026), Dkt. No. 55 (continuing initial case management conference indefinitely); Order, *KalshiEX LLC v. Schuler*, No. 25-cv-01165 (D. Ohio Mar. 30, 2026), Dkt. No. 75; Order, *KalshiEX LLC v. Johnson*, No. 26-cv-01715 (D. Ariz. May 18, 2026), Dkt. No. 104; Order, *QCX v. Nessel*, No. 26-cv-00710 (W.D. Mich. Aug. 5, 2026), Dkt. No. 48.

**Relief requested.** Kalshi respectfully requests leave to move for an order staying all proceedings in this action, including briefing on Defendants' proposed motion to dismiss and all discovery, pending the Second Circuit's disposition of Kalshi's appeal, with the parties to submit a proposed schedule within fourteen days of the issuance of the mandate. In the alternative, and to avoid burdening the Court with further motion practice, Kalshi would be prepared to address the matter at a conference at the Court's convenience.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Andrew L. Porter*
Andrew L. Porter

Copy to: All Counsel of Record